

FILED IN CHAMBERS
8/29/05 Page 1 of 4
Luther D. Thomas, Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-

**ERIC ROBERT RUDOLPH**

Case No. 1:00-cr-805-1-CAP

**Defendant's Attorneys:**
Paul Kish, Warren Leitz
Brian Mendelsohn

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Count(s) 1, 2, 5-7, 10, 11, 12 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
| --- | --- | --- |
| 18 USC § 844(i) | Malicious Damage of Property with an Explosive Device Resulting in Death and/or Personal Injury | 1 |
| 18 USC § 924(c) | Use of a Destructive Device During and in Relation to a Crime of Violence | 2 |
| 18 USC § 844(i) | Malicious Damage of Property with an Explosive Device | 5, 12 |
| 18 USC § 924(c) | Use of a Destructive Device During and in Relation to a Crime of Violence | 6 |
| 18 USC § 844(i) | Malicious Damage of Property with an Explosive Device Resulting in Death and/or Personal Injury | 7, 10 |
| 18 USC § 924(c) | Use of a Destructive Device During and in Relation to a Crime of Violence | 11 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of $800.00 **which shall be due immediately.**

1:00-cr-805-1-CAP : ERIC ROBERT RUDOLPH

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    8927
Defendant's Date of Birth:    1966
Defendant's Mailing Address:
Florida

Date of Imposition of Sentence:
August 22, 2005

Signed this the __29__ Day of August, 2005

CHARLES A. PANNELL, JR.
UNITED STATES DISTRICT JUDGE

1:00-cr-805-1-CAP : ERIC ROBERT RUDOLPH

## IMPRISONMENT

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of** Life as to Count (1); Life as to Count (2) to run consecutively; Life as to Count (6) to run consecutively; Life as to Count (11) to run consecutively; Twenty Years on each of Counts (5) and (12) to run consecutive to each other and consecutive to the imprisonment terms of Life; Forty years as to each of Counts (7) and (10) to run consecutive to each other and consecutive to the imprisonment terms imposed in Counts (5) and (12) and consecutive to the imprisonment terms of life. The aggregate term of imprisonment is (4) Life custody sentences to run consecutive, plus One Hundred and Twenty (120) years consecutive.

The terms of imprisonment imposed by this judgment shall run consecutively to the defendant's imprisonment under any previous State or Federal Sentence.

The Court finds the defendant does not have the ability to pay a fine and cost of incarceration. The Court will waive the fine and cost of incarceration in this case.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

**Defendant delivered on** _____ **to** _____

**at** _____, with a certified copy of this **judgment.**

_____
**UNITED STATES MARSHAL**

By:_____
**Deputy U.S. Marshal**

1:00-cr-805-1-CAP : ERIC ROBERT RUDOLPH

## SUPERVISED RELEASE

Pursuant to federal statutory requirements, a term of supervised release is generally required to be imposed. However, based on the four (4) consecutive Life Imprisonment terms imposed by this Court, the defendant shall never be eligible for release from imprisonment for any supervision period.

## RESTITUTION

The defendant shall make restitution in the total amount of $2,311,703.09 to the individuals identified in the Victim Impact section of the presentence investigation report in the specific amounts as noted.

The loss or damage allowed in this computation was made pursuant to 18 U.S.C. §§ 3556, 3663, and 3663A and applicable sentencing guidelines. Victims may seek additional damages or compensation of these same amounts or beyond these amounts in other venues against this defendant or other parties. The setting of these amounts shall not estop such claims. However, any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in any federal or any state civil proceeding.

Pursuant to U.S.C. § 3604(n) and in accordance with the terms of the plea agreement, the defendant shall apply the value of any assets or other resources to the payment of restitution.

The Court finds that the defendant is currently unable to pay restitution due to his indigent status. It is therefore ORDERED that payments collected by the Bureau of Prisons through the inmate Financial Responsibility Program shall be collected from prison wages, if any are earned, and not from funds deposited in the defendant's commissary account, except insofar as the defendant's commissary account balance exceeds $300.00, then funds in the account above $300.00 may be collected.

Any payment of restitution made that is not payment in full shall be proportionately divided among the victims named.